Justin M. Klein (Admitted Pro Hac Vice)
justin@marksklein.com
**MARKS & KLEIN LLP**
63 Riverside Ave
Red Bank, NJ  07701
Telephone: (732) 747-7100
Facsimile: (732) 219-0625
Attorneys for Plaintiff
DEGLA GROUP FOR INVESTMENTS, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEGLA GROUP FOR INVESTMENTS, INC.,<br><br>　　　　　　　Plaintiff,<br><br>　　vs.<br><br>BOCONCEPT USA, Inc. d/b/a BOCONCEPT FRANCHISE, CLUB 8 FRANCHISE, INC. d/b/a BOCONCEPT FRANCHISE, BOCONCEPT NORTH AMERICA, INC., BOND SAFEGUARD INSURANCE COMPANY, KIM MOELHOLM, individually, CARSTEN PEDERSEN, individually, VIGGO MOELHOLM, individually, MARK ARSENBERG, individually,<br><br>　　　　　　　Defendants. | Case No.: CV-09-5278 MMM (AGRx)<br><br>**CONFIDENTIALITY PROVISION AND PROTECTIVE ORDER** |
| BOCONCEPT FRANCHISE, INC., a Kansas corporation,<br><br>　　　　　　　Counter-claimant,<br><br>　　vs.<br><br>DEGLA GROUP FOR INVENSTMENTS, INC., HUSSEIN H. SIDKY, an individual; HASAN H. SIDKY, an individual; HASSAN M. MORSHEDY; an individual; MOHAMED HASSAN, MAHMOUD | |

1

MORSHEDY, an individual,

      Counter-defendants.

  Upon agreement by the parties appearing herein and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court enters this Stipulated Protective Order to facilitate document disclosure and production under the Local Rules of this Court and the Federal Rules of Civil Procedure.  Unless modified pursuant to the terms contained in this Order, this Order shall remain in effect through the conclusion of this litigation.

  In Support of this Order, the Court finds that:

  Documents or information containing confidential proprietary and business information and/or trade secrets ("Confidential Information") that bear significantly on the parties' claims or defenses is likely to be disclosed or produced during the course of discovery in this litigation;

  The parties to this litigation assert that public dissemination and disclosure of Confidential Information could severely injure or damage the party disclosing or producing the Confidential Information and could place that party at a competitive disadvantage;

  Counsel for the party or parties receiving Confidential Information may not presently have sufficient information to accept the representation(s) made by the

party or parties producing Confidential Information as to the confidential, proprietary, and/or trade secret nature of such confidential Information; and

Upon agreement of the parties and to protect the respective interests of the parties and to facilitate the progress of disclosure and discovery in this case, the following Order is issued:

IT IS, THEREFORE, ORDERED THAT:

1. *Protected Documents*.

(a) Documents, discovery, discovery responses or depositions containing Confidential Information disclosed, produced or provided by any party in this litigation are referred to as "Protected Documents." Except as otherwise indicated below, all documents, discovery or depositions designated by the producing party as "Confidential" (or "Confidential Pursuant to Court Order") and/or "Attorneys' Eyes Only" which are disclosed or produced to the attorneys for the other parties to this litigation are Protected Documents and are entitled to confidential treatment as described below.

(b) A document may be designated "Confidential" when it is, or contains, information that a party or non-party believes in good faith to be confidential or sensitive information as such terms are used in Rule 26 (c) (1)(G) of the Federal Rules of Civil Procedure and any applicable case law interpreting Rule 26 (c) (1)(G)(or former Rules 26(c)(7)); and

    (c) A document may be designated as "Attorneys' Eyes Only" when it fulfills the definition of "Confidential" and is, or contains:

    (i) business strategies or other competitively sensitive, proprietary, technical or financial information which, if disclosed by the Receiving Party to third parties, would or could cause damage to a Producing Party's competitive position in the market(s) in which it operates;

    (ii) confidential information of a third party that has, in good faith and consistent with this agreement, designated the information as "Attorneys' Eyes Only" or

    (iii) trade secrets, defined as information, including without limitation a formula, pattern, compilation, source code, firmware, program, device, method, technique, or process, that (a) derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use and (b) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

  2. *Protected Documents* shall not include (a) advertising materials; (b) materials that on their face show that they have been published to the general public; or (c) documents that have been submitted to any governmental entity without request for confidential treatment.

Designation of Confidential Information

3.      *Designation of Material.*  Documents and other things claimed to be or to contain Confidential Information shall, prior to production, be marked by the producing party as "Confidential."  Placement of the "Confidential" designation on each protected page or on the initial page of a protected document when it is produced shall constitute notice and shall designate the document as Confidential Information.  Copies, extracts, summaries, notes, and other derivatives of Confidential Information also shall be deemed Confidential Information and shall be subject to the provisions of this Order.

4.      *Subsequent Designation.*  Documents and/or materials produced in the litigation that are not identified as Confidential Information when they were initially produced may within a reasonable time thereafter be designated as Confidential by any Party by providing written notice to counsel for all other Parties and any other person who received such documents or materials.  Each Party or person who receives such written notice shall endeavor to retrieve any Confidential Information that may have been disseminated, shall affix a "Confidential" designation to it, and shall thereafter distribute it only as allowed by this Order.  No distribution prior to the receipt of such written notice shall be deemed a violation of this Order.

5.      *Designation of Depositions.*  Depositions or portions thereof upon oral or written questions may be designated as Confidential Information either by an

examining party's attorney or by an attorney defending or attending the deposition. A Party claiming that a deposition or any portion thereof is Confidential Information shall give notice of such claim to the other affected Parties and persons either prior to or during the deposition, or within twenty-eight (28) days after receipt of the deposition transcript, and the testimony taken and the transcript of such deposition or portion thereof shall be designated as Confidential.  If deposition testimony is designated as Confidential Information prior to the time that transcripts are produced, the portions of the transcript containing such testimony shall be separately bound and marked, on the cover page and each page thereafter, with the designation "Confidential."

6. *Modification of Designation.* The designation of Confidential Information by the producing Party shall not be conclusive and may be modified or eliminated at any time as follows:

(a) The producing Party may agree in writing to downgrade or eliminate the Confidential designation concerning any information or material it produced or any testimony that it previously designated as Confidential.

(b) If the Parties cannot agree as to the designation of any particular information, testimony or material as Confidential after good faith discussion, the Party not making the designation may move the Court, on appropriate notice, to downgrade or eliminate the Confidential

designation. The burden of proving that the information, testimony or material has been properly designated as Confidential shall be on the Parties or persons claiming confidentiality.

Access to Confidential Information

7. *General Access.* Confidential Information may be disclosed only to Qualified Persons in conformance with the terms of this Protective Order. For the purpose of this Protective Order, the term "Qualified Persons" is defined to mean:

(a) Court reporters;

(b) Inside and outside counsel to the Parties, associate attorneys, paralegals, clerical, secretarial, and other personnel employed by such counsel who such counsel shall determine have a need to have access to such Confidential Information;

(c) Individual Parties and employees of any Party as of the date of such disclosure and who have a need to have access to such Confidential Information for the purpose of prosecuting or defending the Litigation;

(d) Experts or consultants (together with their clerical staff) retained by counsel to assist in the prosecution, defense, or settlement of the Litigation; and

7

**CONFIDENTIALITY PROVISION AND PROTECTIVE ORDER**

  (e) Witnesses, at any deposition or other proceeding in the Litigation, only to the extent necessary to prepare them for any deposition or other proceeding in the Litigation.

  8. *Disclosure to Named Authors, Addressees, or Recipients.* Nothing herein shall prohibit a Party, or his, her or its counsel, from disclosing a document that contains Confidential Information to any person whom the document identifies as having been an author, addressee, or recipient of such document.

  9. *Agreement to Be Bound By Terms of Protective Order.* Prior to any disclosure of Confidential Information to any Qualified Person defined in paragraphs 7(d), 7(e) or 7(f), the Party intending to make such disclosure shall ensure that a copy of this Protective Order has been delivered to such Qualified Person, and shall obtain that person's written agreement that they have read and understood, and agree to be bound by the terms of this Protective Order, in the form attached as Exhibit A. Counsel of record for each Party shall provide a copy of all such executed agreements to the producing Party or person, not later than the date set by the Court for the identification of expert witnesses.

  10. *No Disclosure.* All Qualified Persons who have received Confidential Information pursuant to this Protective Order shall safeguard such information so as to avoid any use or disclosure of that information, except as provided in this Protective Order.

**CONFIDENTIALITY PROVISION AND PROTECTIVE ORDER**

11. *No Copies/Notes.*  Except for such use as is expressly permitted under the terms hereof, no person granted access to Confidential Information shall make copies, reproductions, transcripts, or facsimiles of the same or any portion thereof or shall take notes or otherwise summarize the contents of such Confidential Information.

12. *Disputes over Access.*  If a dispute arises as to whether a particular person should be granted access to Confidential Information, the Party seeking disclosure may move the Court to permit the disclosure and must obtain an order of the Court before disclosing the information.

Use of Confidential Information

13. *Use in this Litigation Only.*  Confidential Information may be used only for purposes of this litigation.  Each person to whom the disclosure of any Confidential Information is made shall not, directly or indirectly, use, disclose, or disseminate, or attempt to use, disclose, or disseminate, any of the same except as expressly provided herein.

14. *Use at Depositions.*  If it appears that Confidential Information is to be discussed or disclosed during a deposition, the producing party shall have the right to exclude from attendance at the deposition, during the time the Confidential

9

**CONFIDENTIALITY PROVISION AND PROTECTIVE ORDER**

Information is to be discussed, any person not entitled under this Protective Order to receive the Confidential Information.

15.  *Use at Court Hearings and Trial.*  Subject to the Federal Rules of Evidence, Confidential Information that is otherwise admissible may be offered into evidence at trial, in support of any motion, or at any hearing or oral argument, provided that the proponent of the evidence containing Confidential Information gives reasonable advance notice to the Court and counsel for the producing or designating Party of such intended use.  Any Party may move the Court for an order that the Confidential Information be received in camera or under other conditions to prevent unnecessary disclosure.  If presented at a jury trial, the fact that documents or information has been designated as Confidential Information shall not be disclosed to the jury.

16.  *Filing Under Seal.*  Each document that a Party requests to file under seal must comply with the requirements and procedures outlined in Local Rule 79-5.  The party requesting to file a document under seal must submit a separate written application, along with a proposed order to the Court, along with the document the Party seeks to file under seal.  The original and the Court's copy of the document the Party requests to be filed under seal must be placed in two separate envelopes with a copy of the title page attached to the cover of each envelope.  All Applications and Orders to Seal, along with the document to be placed under seal, shall not be

**CONFIDENTIALITY PROVISION AND PROTECTIVE ORDER**

electronically filed, but instead manually filed and a notice of manual filing shall be electronically filed, identifying the materials that are to be manually filed.  Copies of such documents served on counsel for other Parties shall be marked as Confidential.  Once a document is filed under seal with the Court, it shall not be disclosed except upon a written Order by the Court.  Any Application for disclosure of Confidential documents must particularly address the need for disclosure of the document to the Court.

17.   *Return After Litigation.*  If so requested by counsel for the producing Party within thirty (30) days of the final termination of this litigation by judgment, appeal, settlement, or otherwise, or sooner if so ordered by the Court, counsel for each Party that has received Confidential Information shall return to counsel for the producing Party all items constituting, containing, or reflecting the producing Party's Confidential Information.

## Other Provisions

18.   *Not an Admission.*  Nothing in this Order shall constitute an admission by the Party that information designated as Confidential is actually Confidential Information.  Furthermore, nothing contained herein shall preclude the Parties or a person from raising any available objection, or seeking any available protection with

11

**CONFIDENTIALITY PROVISION AND PROTECTIVE ORDER**

respect to any Confidential Information, including but not limited to the grounds of admissibility of evidence, materiality, trial preparation materials and privilege.

19. *Miscellaneous.* This Order shall apply to the production of all materials whether or not such materials are informally produced or produced in response to a formal discovery request or a Court order in this litigation. Pursuant to Local Rule 79-5.4, the Parties shall redact or exclude personal identifiers, including social security numbers or home addresses, from all documents, exhibits, and attachments filed with the Court.

The parties having stipulated and agreed hereto, it is SO ORDERED, this 25th day of March, 2010.

                                                     *Alicia G. Rosenberg*
                                                     _____
                                                     The Honorable Alicia G. Rosenberg, U.S.M.J.

**CONFIDENTIALITY PROVISION AND PROTECTIVE ORDER**