JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEGLA GROUP FOR INVESTMENTS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> BOCONCEPT USA, Inc., d/b/a BOCONCEPT FRANCHISE; CLUB 8 FRANCHISE INC., d/b/a BOCONCEPT FRANCHISE; BOCONCEPT NORTH AMERICA, INC.; BOND SAFEGUARD INSURANCE COMPANY; KIM MOELHOLM, individually, CARSTEN PEDERSEN, individually, VIGGO MOELHOLM, individually, MARK ARENSBERG, individually, <br><br> Defendants. <br> _____ <br><br> BOCONCEPT FRANCHISE, INC., A Kansas Corporation, <br><br> Counterclaimant, <br><br> vs. <br><br> DEGLA GROUP FOR INVESTMENTS, INC., a California corporation; HUSSEIN H. SIDKY, an individual; HASAN H. SIDKY, an individual; HASSAN M. MORSHEDY, an individual; and MOHAMED HASSAN MAHMOUD MORSHEDY, an individual, <br><br> Counterdefendants. <br> _____ | CASE NO. CV 09-05278 MMM (AGRx) <br><br><br><br> JUDGMENT |

On September 30, 2010, the court granted in part and denied in part counterdefendants' motion to dismiss the first amended counterclaim, dismissing counterclaimant BoConcept Franchise Inc.'s ("BoConcept") unfair competition and trademark infringement claims without prejudice. BoConcept did not file a second amended counterclaim. On August 3, 2011, the court dismissed Degla Group for Investments, Inc.'s ("Degla") complaint pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. On July 19, 2012, the court granted BoConcept's motion for default judgment against Degla and Hassan M. Morshedy on the first amended counterclaim.

There remained for trial only BoConcept's first amended counterclaim against the Sidkys for fraud, breach of contract, declaratory relief, and a permanent injunction. Following the parties' waiver of their right to a jury trial and BoConcept's waiver of its declaratory relief claim, the breach of contract and fraud claims – as well as the prayer for a permanent injunction – were tried to the court on December 4 and 5, 2013. On August 8, 2014, the court entered findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, finding that BoConcept had prevailed on its breach of contract counterclaim. Accordingly,

IT IS ORDERED AND ADJUDGED

1. That BoConcept recover $205,083.99 from counterdefendants;
2. That BoConcept recover post-judgment interest pursuant to 28 U.S.C. § 1961(a) at the rate of 0.12%; and
3. That the action be, and it hereby is, dismissed.

DATED: August 8, 2014

MARGARET M. MORROW
UNITED STATES DISTRICT JUDGE